FRANCISCO FELICIANO, Plaintiff and Appellant, *v.* LA MERCANTIL PABLO CEDEÑO, S. EN C. ET AL., Defendants and Appellees.

No. 12578. Decided April 10, 1962.

*H. Lugo Bougal* and *C. J. Irizarry Yunque* for appellant. *Raúl Matos* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Santana Becerra and Mr. Justice Dávila.

PER CURIAM.

Appellant's commercial establishment was illegally attached by the appellees. He sued for damages and the complaint was sustained. The judgment rendered awarded:

   (a) Net profits which the plaintiff failed to receive in his business during five days as a result of the illegal attachment.......... $45. 00

   (b) Material losses resulting from wrongful attachment .......................... 95. 00

   (c) Attorney's fees incurred in procuring the disolution of the attachment............. 200. 00

              Total damages ................... $340. 00

Feeling aggrieved, the plaintiff appealed to this Court from the judgment awarding the damages because "it ignored plaintiff's claim for damages to the good name of his business, and for the mental and moral anguish experienced by the plaintiff."

The appellant is right. In *Rivera* v. *Rossi*, 64 P.R.R. 683 (1945), we upheld the determination of the damages, even in a case in which attempt was made to mitigate the damages from the moment of learning of the mistake. In the case at bar, on the contrary, the evidence discloses that when one of the defendants was informed that the business object of the attachment did not belong to the person against whom the writ was directed, stated "that he had money to answer for the consequences of that." And as stated in the *Rossi* case:

"Indeed, we see no reason whatsoever to restrict compensation for damages to the feelings, to those cases where the honor and family emotions are involved and to deny them in cases like the present one, where due to its circumstances, it is evident that a person of normal susceptibility must necessarily have suffered mental anguish as deep as, or perhaps deeper than, in many cases where a libelous publication is involved."

*Cf. Infante* v. *Leith, ante,* p. 24.

We believe that the sum of $500 compensates adequately for the mental anguish suffered by the appellant. As thus modified, adding that amount to the award made by the trial court, the judgment appealed from will be affirmed.